# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL HIRAM GIBSON, )
) Case No. 2:13-cv-01838-RCJ-NJK
Plaintiff, )
) **REPORT AND RECOMMENDATION**
vs. ) **FOR DISMISSAL**
)
TOM VILSACK, )
)
Defendant. )
_____ )

Plaintiff Daniel Hiram Gibson is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on October 8, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous "where it lacks an arguable basis either in law or in fact . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1898). "[A] finding of actual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judically

noticeable facts available to contradict them.  An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

The Complaint in this case was filed on the court's form civil rights complaint, pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of *state law*. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted) (emphasis added).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff alleges violations of section 1983 because, he claims, Tom Vilsack, the United States Secretary of Agriculture, somehow forced Plaintiff to "roam on foot with no money held hostage along

with being robed [sic] from Nevada to California with USDA assistance." Docket No. 1-1, at 2. Plaintiff claims in his supporting facts for Count I, "written about thru [sic] history as the son of man. Face as a young boy located on sterling-Great British pound denomination five silver portion (knight in shineing [sic] armor [sic])." *Id*., at 4. In Count II, Plaintiff alleges that his civil rights that have been violated are "[a]ll since I do inherit the Earth." *Id*. In support of this Count, he alleges that "Nostrodamus [sic] prophsies [sic] along with Jesus Christ's the Messiah of Nasserrth [sic]." *Id*. Finally, in Count II, Plaintiff alleges that his civil rights that have been violated are, "born already known on American soil and disrespected still to this day no private quarters to complete my education striped [sic] away from my children." *Id*., at 6. In support of this Count, Plaintiff alleges "no degree yet & Los Angeles County of California Stanley Mosk Superior Courthouse case number BD485119 Whitmore Jr. Vs Hall Court House addressed 111 North Hill Street Los Angeles, California 90012." *Id*.

Here, the facts alleged in the Complaint are completely incomprehensible. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. The court concludes that this case is frivolous because it lacks an arguable basis in law and fact. *Id.*, 490 U.S. at 325. A finding of frivolousness is warranted where the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended that is be dismissed with prejudice. Because allegations of other facts would not cure it, Plaintiff is not entitled to an opportunity to amend the Complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*) (citing *Doe v. United States*, 58 F.3d 494,497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER RECOMMENDED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security

1 therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of
2 subpoenas at government expense.

3 **IT IS FURTHER RECOMMENDED** that the Clerk of the Court shall file the Complaint.

4 **IT IS FURTHER RECOMMENDED** that the Complaint is **DISMISSED** for failure to state a
5 claim upon which relief can be granted, without leave to amend.

6 **IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment accordingly.

## NOTICE

8 These findings and recommendations are submitted to the United States District Judge assigned to
9 the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with
10 these findings and recommendations, any party may file written objections with the court. Pursuant to
11 Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations
12 of a magistrate judge shall file and serve *specific written objections* together with points and authorities
13 in support of those objections, within fourteen days of the date of service of the findings and
14 recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendations." The parties are advised that failure to file objections within the specified time may
16 waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The
17 points and authorities filed in support of the specific written objections are subject to the page limitations
18 found in LR 7-4.

19 IT IS SO ORDERED.
20 DATED: October 11, 2013

22 _____
   NANCY J. KOPPE
   United States Magistrate Judge